Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DAMARIS MONTALVO ROSA<br><br>Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Recurrido | KLAN202400986 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Municipal de Barceloneta<br><br>Civil Núm.: CBAC2024-0490 AL 0493<br><br>Sobre: Recurso de Revisión de Falta Administrativa bajo la Ley de Vehículos y Transito de Puerto Rico |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece ante nos la señora Damaris Montalvo Rosas ("señora Montalvo" o "Peticionaria") mediante escrito intitulado *Apelación* recibido el 4 de noviembre de 2024. [1] Nos solicita que revoquemos *Resolución sobre Recurso de Revisión de Infracciones de Tránsito,* dictada el 28 de agosto de 2024 y notificada el 4 de septiembre del mismo año, por el Tribunal de Primera Instancia, Sala Municipal de Barceloneta ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *No Ha Lugar* cuatro (4) recursos de revisión instados por la Peticionaria, por esta haber recibido varios boletos por infracciones a la Ley de Vehículos

---

[1] Mediante *Resolución* dictada el 8 de noviembre de 2024, acogimos el presente recurso como un *certiorari,* toda vez que este recurría de una resolución, aunque continuaría preservando la misma identificación alfanumérica.

Número Identificador

SEN(RES)2024_____

y Tránsito de Puerto Rico, Ley 22 del 7 de enero de 2000, 9 LPRA sec. 5001 *et seq.* (Ley de Tránsito).

## I.

Conforme surge del expediente ante nuestra consideración, el 13 de mayo de 2024, se emitieron cuatro (4) boletos por infracciones a la Ley de Tránsito contra la señora Montalvo.[2] Particularmente, se le multó por manejar en exceso de velocidad, cambiar de carril indebidamente o conducir entre carriles, no haber realizado las señales manuales o eléctricas y no mantener distancia prudente entre vehículos. Insatisfecha, el 6 de junio de 2024, la Peticionaria presentó cuatro (4) *Recurso de Revisión por Falta Administrativa de Tránsito,* por cada una de las infracciones.[3] En esencia, la señora Montalvo impugnó los boletos, fundamentándose en que el agente la detuvo sin ella haber conducido en exceso de velocidad y además, reiteró que esta se encontraba detrás de la patrulla. Por otro lado, adujo que, al momento de la detención, nunca le mostraron el radar con la velocidad alegada. Igualmente, indicó que en todo momento utilizó las señales para cambiar de carril, guardó la distancia correspondiente entre los vehículos que transitaban y sostuvo que el agente nunca le informó sobre la razón por la cual la detuvo respondía a un cambio indebido de carril o la omisión de usar señales para realizar dicho cambio.

Así las cosas, tras celebrarse una vista en la cual compareció tanto la Peticionaria como el agente que emitió los boletos de tránsito, el foro *a quo* dictó cuatro (4) determinaciones intituladas *Resolución sobre Recurso de Revisión de Infracciones de Tránsito.*[4] En estas, el foro primario declaró *No Ha Lugar* la revisión de los cuatro (4) boletos impugnados.

---

[2] Véase, Apéndice del Recurso, págs.1-4.
[3] *Íd.*, págs. 5-12.
[4] *Íd.*, págs. 13-20.

No conforme con este resultado, el 20 de septiembre de 2024, la Peticionaria presentó *Moción de Reconsideración.*[5] En esta, la señora Montalvo argumentó que al momento en que se expidieron los cuatro (4) boletos, ninguno de estos contenía una notificación adecuada. Esbozó que tampoco surgían instrucciones precisas sobre el tiempo que tenía para solicitar el recurso de revisión, notificarle al Secretario de Transportación y Obras Públicas, ni que esta podía comparecer a los procedimientos con la asistencia de un abogado.

Evaluado dicho escrito, el 25 de septiembre de 2024, notificada el 8 de octubre del mismo año, el foro primario emitió *Resolución* en la que declaró *No Ha Lugar* la reconsideración.[6]

Inconforme aun, el 4 de noviembre de 2024, la Peticionaria presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> Err[ó] el TPIM y fracas[ó] la justicia cuando declar[ó] "No Ha Lugar a la Moci[ó]n de Reconsideraci[ó]n radicada por la querellante ignorando la magnitud de la violaci[ó]n consticional al debido proceso de ley.

El 8 de noviembre de 2024, esta *Curia* emitió una *Resolución* en la que se le concedió un término de diez (10) días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar la determinación recurrida. Tras vencerse el término para presentar escrito en oposición, la parte recurrida no compareció ante nos, por lo cual procederemos a resolver la presente controversia sin el beneficio de su comparecencia.

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de

---

[5] *Íd.*, págs. 21-31.
[6] *Íd.*, págs. 59-60.

Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023) citando a *McNeil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *BPPR v. SLG Gómez-López,* 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* pág. 712. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### III.

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

## IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA.  LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones